IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KAREN M. HYNOUS                                                                                    PLAINTIFF

v.                                                                                              No. 3:12CV83-B-A

RICK KEISLING                                                                                      DEFENDANT

## REPORT AND RECOMMENDATION

This matter comes before the court on the *pro se* complaint of Karen M. Hynous, who alleges that the defendant, Rick Keisling, has breached a contract to install a roof on Ms. Hynous's house by failing to complete the work as he agreed. The court set a Case Management Conference in the matter. Ms. Hynous attended, but Mr. Keisling did not. After hearing the testimony Ms. Hynous presented at the conference, it is clear that the court does not have jurisdiction to hear the case.

A federal court may determine whether it has subject matter jurisdiction at any time in the proceedings. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999). Federal courts have jurisdiction over claims in limited situations, and the present complaint does not describe either of the two situations most likely to confer jurisdiction upon this court – diversity jurisdiction and federal question jurisdiction. The court does not have diversity jurisdiction under 28 U.S.C. § 1332, as that statute requires both that the parties be citizens of different states and that the amount in controversy exceed $75,000.00. In this case, the parties are both citizens of the State of Mississippi, and the amount in controversy is roughly $3,350 – far less than the required jurisdictional amount. As such, the complaint meets neither of the requirements for diversity jurisdiction. Similarly, the court can discern no facts in this case arising under the Constitution, Treaties, or laws of the United States – the requirements for the court to exercise

jurisdiction based upon a federal question. Other paths to obtaining jurisdiction are clearly not available in this case, *e.g.,* actions against foreign states, admiralty, and bankruptcy. In sum, the undersigned respectfully recommends that the instant case be dismissed with prejudice for want of subject matter jurisdiction.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

**SO ORDERED,** this the 15th day of November, 2012.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE